## DRISCOLL v. DENNIS.  (No. 801.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1922. Rehearing Denied May 10, 1922.)

**1. Appeal and error ⬦⟿1050(1)—Error in admission of evidence held harmless in view of other evidence as to same facts.**

The admission of an excerpt from a statement of facts used on appeal from a former judgment, if error, was harmless, in view of ex parte depositions of appellant in which he testified to the identical facts reflected by the statement of facts.

**2. Landlord and tenant ⬦⟿331(6)—Merchant's testimony that he paid landlord commission on all purchases made by all tenants admissible on issue of whether tenant had agreed to pay commission on purchases from merchant.**

In tenant's action against landlord for an accounting involving issue as to whether landlord was entitled to a commission on goods purchased by tenant from certain merchant to be paid by the tenant as claimed by landlord, or whether commission was to be paid by the merchant as claimed by the tenant, the merchant's testimony that he paid landlord a commission on all purchases of all his tenants *held* admissible.

**3. Appeal and error ⬦⟿1053(2)—Error in admission of testimony by instruction not to consider testimony.**

Admission of testimony, if error, *held* harmless, in view of court's written instruction charging jury not to consider the testimony of the witness for any purpose.

Appeal from Milam County Court; W. G. Gillis, Judge.

Suit by James Dennis against P. T. Driscoll. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 220 S. W. 576.

Robt. M. Lyles, of Cameron, for appellant.
Chambers & Wallace, of Cameron, for appellee.

WALKER, J. This was a suit for an accounting by a tenant against his landlord. The issues of fact were submitted to a jury on special issues, and on answers favorable to appellee judgment was entered in his behalf against appellant for $353.30. Appellant presents the following propositions as grounds for error:

(1) "An excerpt from a statement of facts, used upon an appeal from a former judgment, shown not to have been made from stenographic notes, but from memory, and agreed to by counsel for the purpose of appeal, and not shown by the sworn testimony of any witness to be a correct record of the former testimony, is not evidence, and, when admitted for the purpose of impeaching appellant as to a material statement, presents prejudicial error."

[1] On the facts of this case this proposition does not present reversible error. In support of the statement of facts appellee offered in evidence the ex parte depositions of appellant. In these depositions he testified to the identical facts reflected by the statement of facts. If the admission of the excerpt of appellant's testimony from the statement of facts was error, it was harmless under rule 62A.

(2) "Evidence of transactions between appellant and others and different persons and in which appellee is in no wise concerned is res inter alios acta and inadmissible and when shown to be prejudicial presents reversible error."

(3) "It. is never admissible to impeach witness, especially parties upon an immaterial and collateral issue and when permitted to the prejudice of objecting party presents reversible error."

[2] While appellee was working appellant's land under instructions from appellant and by arrangements made by appellant, he traded with a merchant named Cahill. Appellant contended that under his contract with appellee he was to receive from appellee a profit of 10 per cent. on all goods bought by him from Cahill. It was the contention of appellee that appellant was to receive his profit or rebate, if any, from Cahill himself. On this issue appellant testified that he did not receive a rebate or commission from Cahill. Cahill testified for appellee that he paid appellant a commission of either five or ten per cent. on the purchases of all of his tenants. On the issue made, this testimony was admissible, and appellant's second and third propositions do not reflect error.

(4) "Evidence of a contract between appellant and another party is inadmissible as tending to prove such contract between appellant and appellee, and when such evidence is permitted to go to the jury the action of the trial court in seeking to withdraw same by written charges merely serves to challenge the attention of the jury thereto and intensifies the error."

[3] Appellant testified that appellee was to have one-half of the cotton raised by him, but no part of the cotton seed; that as landlord he was to receive one-half the cotton and all the cotton seed. While so testifying he volunteered the statement that he had the same contract with all of his tenants. He was then asked the question if he did not rent the land during 1918 to Fred Green, and if he did not let Fred Green have one-half the cotton seed raised by him. This he denied. Fred Green, when offered as a witness, testified that he was a tenant of appellant during 1918, and under his contract did receive one-half the cotton and one-half the cotton seed. If this testimony was not admissible, no error is shown, because the court instructed the jury in writing not to consid-

er the testimony of Fred Green for any purposes.

These propositions present all the issues raised by appellant. Finding no error in the trial of this cause, the judgment of the trial court is in all things affirmed.