Eliza Doll et al. v. W. W. Mundine.

No. 7320.

1. **Continuance.**—See application for first continuance held to be a compliance with the statute.

2. **Practice — Bill of Exceptions.** — A bill of exceptions having been taken at the time of the ruling, and counsel excepting having left the county before the bill was signed and filed, it was competent for the trial judge, when requested by telegram from the absent counsel, to prepare, certify, and file the bill of exceptions.

3. **Attorney May Make Affidavit for Continuance.**—Article 5 of the Revised Statutes prescribes, that "whenever at the commencement or during the progress of any civil suit * * * it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party or his agent or attorney." This confers upon the attorney the same right to make an affidavit during the progress of a cause that the law confers upon the client. Robinson v. Martel, 11 Texas, 149, does not apply.

4. **Continuance—Case Adhered to.**—Cleveland v. Cole, 65 Texas, 403, adhered to, that the refusal of a statutory application for continuance is ground for reversal.

Appeal from Lee. Tried below before Hon. C. C. Garrett. No statement is necessary.

*James B. & Charles J. Stubbs,* for appellants. — The application for continuance should have been granted. Rev. Stats., art. 1277; Blum v. Bassett, 67 Texas, 194; Cleveland v. Cole, 65 Texas, 404; Corsicana v. Carr, 75 Texas, 207; Chilson v. Reeves, 29 Texas, 275.

*Ed. R. Sinks* and *Rector & Harris,* for appellee.—1. The trial judge has no authority to make out and file a bill of exceptions at the request of appellant, but same must be prepared by counsel and submitted to the judge, and then by him submitted to opposing counsel. Rev. Stats., arts. 1363, 1364.

2. An order overruling a motion for continuance will not be revised unless there is a proper bill of exception filed to the ruling, showing the reasons why the motion was overruled. Railway v. Hardin, 62 Texas, 371, and cases cited; Philipowski v. Spencer, 63 Texas, 604.

3. A motion for continuance must be positive and certain in its terms, and leave nothing to inference. If the grounds for continuance be on account of the absence of witnesses, the applicant must state affirmatively that they are absent and that their testimony is material to his defense.

4. A motion for continuance if made by an attorney should show that he had personal knowledge of the matters therein set forth. Robinson v. Martel, 11 Texas, 149; Blum v. Bassett, 67 Texas, 194.

Fisher, Judge, *Section B.*—This suit is by appellee Mundine against appellants, for 250 acres of land, a part of the Thomas Morrow league,

situated in Lee County. Appellee asserts title to the land in contro-
versy by virtue of a parol partition between him and the parties from
whom appellants acquired title. The appellants deny that a parol par-
tition of the land was ever made, and further, plead not guilty. The
purpose of this suit is to establish the lines and boundaries agreed to
in the parol partition and to quiet plaintiff in his title and to remove
cloud therefrom. Judgment was rendered in favor of appellee, estab-
lishing the oral partition and vesting title in plaintiff to that part of
the tract sued for, and removing cloud.

Upon the call of the case below the appellants by motion presented
the following application for a continuance of the cause:

"Now comes the defendants in the above cause by their attorney,
Charles J. Stubbs, and show to the court, that they can not go safely
to trial at the present term of this honorable court for the want of tes-
timony material to their defense, viz., that of John H. Mundine, I.
Douglass, R. M. Dickson, Dr. H. Bain, Thomas Douglass, Mr. Hard-
castle, Dr. W. S. Johnson, A. H. Gladdish, John Caplen, R. H. Flan-
nigan, Mrs. W. Rowland, Mrs. Wilson, George Guthrie, Mrs. J. W.
Schive, and Robert V. Guthrie, all of whom reside in Lee County, ex-
cept A. H. Gladdish and John Caplen; and also D. C. Cunningham, a
resident of Galveston County, Texas.

"That defendants have used due diligence to procure the testimony
of said witnesses (except Cunningham), by causing a subpœna to be
issued out of this court on the 4th day of November, 1889, summoning
all said persons except the said Cunningham, which subpœna went
into the hands of the sheriff of Lee County on the 4th day of Novem-
ber, 1889, and was executed as to John Mundine, I. Douglass, R. M.
Dickson, Dr. H. Bain, Thomas H. Douglass, Mr. Hardcastle, R. H.
Flannigan, Mrs. W. Rowland, Mrs. Wilson, George Guthrie, Mrs. J.
W. Schive, Robert V. Guthrie, and Dr. W. Johnson, duly served, and
not executed as to A. H. Gladdish and Caplen, all of which will appear
from the said process, which is hereby referred to, together with the re-
turns thereon, as a part hereof.

"That said Cunningham is also an important and material witness
and a party to this suit, whose deposition has not been taken, because
he expected and intended to be present at the trial of the cause; but
since the service of the citation herein he has been taken sick, and is
still sick and unable either to travel or submit to having his deposition
taken; that he is affected with partial paralysis, and was so taken ill
about November 2, 1889.

"Defendants further show, that their leading counsel, James B.
Stubbs, Esq., who is the only attorney familiar with their defense or
whom they have had time to consult since the service of citations, is
unavoidably absent, and that his absence could not have been antici-

pated by defendants or himself; that he is engaged in the trial of a cause in the District Court of Galveston County, which he expected and had reason to believe would occupy the time of the court not over two days at the farthest, but which has been so prolonged in the examination of the witnesses as to occupy him to this date.

"Wherefore defendants ask the court that the cause be continued to the next term of this honorable court.

"CHARLES J. STUBBS,

"Attorney in fact for Elizabeth Doll et al.

"Sworn to and subscribed before me this the 6th day of November, 1886.

    [Seal]                      "J. J. DARDEN, District Clerk."

The return of the officer indorsed on the subpœnas made a part of the application for continuance, shows that they were received November 4, and were served and executed November 5, as to witnesses R. H. Flannigan, Mrs. W. Rowland, Mrs. J. W. Schive, Robert Guthrie, Mrs. Wilson, George Guthrie, Dr. W. Johnson, H. Bain, and I. Douglass. These witnesses reside in Lee County, and it appears that the process was served upon them at least one day prior to the trial of the case—the day upon which the motion for continuance was presented. This was the first application for continuance that had been made by the defendants.

The application and motion to continue was overruled by the court. Its action in this respect is assigned as error, and presents the only question for our determination.

Appellee urges the point, that we should not consider the assignment of error presenting the question before us, because it appears that the bill of exceptions taken to the ruling of the court in overruling the motion for continuance was not prepared by counsel for appellants in person and tendered to the court, but that it was prepared and filed by the trial judge upon the telegraphic request of counsel for appellants. The court in approving the bill of exceptions say, "that it was prepared at the request of counsel for defendants on a telegram from the city of Galveston. Exception was taken at the time said motion was overruled; but the bill was not prepared before counsel left the court, and is written, given, and filed by the judge before adjournment at request of counsel as aforesaid."

It is not contended that this bill of exceptions does not state the facts as they occurred, nor does it appear from the record that it was not presented by the judge to counsel for plaintiffs for examination before it was approved and filed. The court was not legally charged with the duty of preparing this bill of exceptions; but as it did prepare and file the bill, we see no impropriety or error in the course pursued. Preparing a bill of exceptions at the request of counsel is an act the court may perform as it may desire, and we know of no law that prohibits it

from doing this, so that it accords with the facts and counsel have the opportunity to examine it.

Appellee contends that the application for continuance is insufficient, for the reasons: 1. That the affidavit for continuance is made by the attorney of appellants, and it is not shown that he had personal knowledge of the matters therein stated. 2. That the application does not with sufficient certainty show that the witnesses are absent.

The case of Robinson v. Martel, 11 Texas, 149, requiring that the application for continuance must show that the attorney making the affidavit had personal knowledge of the facts therein stated, was before the present statute upon the subject. Article 5 of Sayles' Civil Statutes, in force when the application for continuance in this case was made, provides: "Whenever at the commencement or during the progress of any civil suit or judicial proceeding it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party or his agent or attorney." The clear meaning of this provision of the law is to confer upon the attorney the same right to make an affidavit during the progress of a cause that the law confers upon his client. There may be cases in which the subject matter of the affidavit rests peculiarly within the conscience of the client, and in such case the attorney making the affidavit may be required to state his means of information or knowledge of the facts stated. But such is not the case here. The facts averred in this application for continuance are of a character that may be as well known to the attorney as to his client. The absence of the witnesses, the materiality of their evidence, and the diligence used to procure their attendance are facts that can be learned and discovered by the attorney as well as the client, and are often known to the attorney when unknown to the client. The affidavit in this respect is sufficient.

In considering the second objection to the sufficiency of the application for continuance, we think the averments are sufficient in showing that the witnesses are absent. The application in this respect is much like that presented in the case of Cleveland v. Cole, 65 Texas, 403. There the court say: "The affidavit for continuance was in strict compliance with the statute, and in such cases the court has no discretion in the matter, but must grant the continuance." We are of opinion the affidavit for continuance was in accord with the statute, and it should have been granted as to those witnesses who were served.

We conclude the case should be reversed and remanded, and so report it.

*Reversed and remanded.*

Adopted April 12, 1892.

JUDGE GARRETT, being disqualified, did not sit in this case.