## TUCKER et al. v. NEAL OIL CORP.

### No. 12507.

Court of Civil Appeals of Texas. Galveston.

Feb. 5, 1953.

Elgar L. Robertson, of Dallas, for appellants Orrin Tucker and Homer W. Snowden.

Al L. Crystal, of Houston, for appellee.

GRAVES, Justice.

This statement made by the appellants of the nature and result below of this suit, is adopted as being substantially correct, to-wit:

"This is a suit upon a sworn account brought by Neal Oil Corporation, as plaintiff, against Orrin Tucker, Homer W. Snowden, Allen Borton, and C. E. Bradshaw, as defendants * * *. Defendants Tucker and Snowden duly filed answers containing, among other things, sworn denials of such sworn account * * *. Thereafter plaintiff filed unsworn Motion for Summary Judgment * * * which was granted by the Court * * *. None of the defendants participated, either in person or by attorney, in the hearing on Summary Judgment and same was given by default * * *.

"Thereafter, in due time, defendants, Orrin Tucker and Homer W. Snowden, perfected their Writ of Error and Supersedeas * * *, and this case is now properly before this Honorable Court for its consideration."

The court's decree so granting the summary judgment against the appellants —notwithstanding the recited fact that they had so filed their answers to the suit below, including their sworn denials of the accounts sued upon by the appellee against them in whole and in part—recited that they " * * * wholly failed to file proper answer thereto; and the court having considered the pleadings, together with such plaintiff's affadavit, and finding that they show an absence of genuine issue of any material fact, except as to the amount of money due and owing by the Defendants to the Plaintiffs, and that this summary judgement should be rendered for Plaintiff, Neal Oil Corporation, who is entitled thereto as a matter of law, it is accordingly ordered, adjudged and decreed * * *," etc.

■ It is held, in so rendering the summary judgment, the court erred, as the recitations made from the record and the court's judgment itself show, the appellants had appeared by their attorneys of record in the court below and filed through such attorneys their sworn answers to the suit of the appellee against them, and in that manner denied the accounts, reciting in detail that they were not true, or just, in whole or in part.

It further appears undisputedly from the record that the appellee herein, in seeking such summary judgment by its unsworn motion therefor, likewise recited as its answer thereto that such sworn denials of its sued-upon accounts by the appellants had "failed to set forth in their answers in what particulars the account was not just and true," hence there was left no genuine issue as to any material fact left before the trial court.

Under these authorities it is held that the court's summary judgment was error, hence must be reversed and remanded to it for another trial.

■ Under cited T.R.C.P. Rules 93, 185, as well as the cited holdings of our courts in such cases, especially as Hood v. Robertson, Tex.Civ.App., 33 S.W.2d 882, and Pitman v. Bloch, etc., Co., 48 Tex.Civ. App. 320, 106 S.W. 724, it was not necesary

in their sworn denials below for these appellants to single out each item of the account sued upon against them, where they had and did deny—as recited—that such accounts were just, or true, in whole or in part; that comprehensive denial placed in issue every item of the accounts against them, as is very definitely here in Continental Lumber & Tie Co. v. Miller, Tex.Civ.App., 145 S.W. 735, wherein the court said this: "It is a sufficient answer to this, however, that defendant in error, under oath, denied the justice of the claim sued on. In such a case, the prima facie character of the proof is destroyed, and the burden rests upon the plaintiff, as in ordinary cases, to establish his cause of action."

■ Neither was it any sustainable circumstance, under our law and procedure, that such answers of the appellants so denying the justice of the accounts against them were made by their attorneys, instead of by themselves in person.

Neither was it indispensable that the attorneys of record, in so filing the answers for the appellants, expressly recite therein that they had personal knowledge of the matters they stated, although in this instance such sworn answers did expressly recite that the denials of the accounts were executed by the attorneys of record for the defendants in those proceedings, and that such allegations were true and correct. See T.R.C.P. Rules Nos. 14, 90, 91; also these court holdings: Chakur v. Zena, Tex.Civ.App., 233 S.W.2d 200; Commonwealth of Mass. v. United North & South Development Co., Tex.Civ.App., 160 S.W. 2d 563, affirmed 140 Tex. 417, 168 S.W.2d 226; Doll v. Mundine, 84 Tex. 315, 19 S.W. 394; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570; McLeod Independent School Dist. v. Kildare Ind. School Dist., Tex.Civ.App., 157 S.W.2d 181, (error refused); Nunneley v. Weiler, Tex.Civ.App., 244 S.W.2d 707.

Wherefore, under the undisputed facts, this record discloses that the summary judgment was so rendered against the appellants, because they did not point out

the particular items of the accounts alleged against them that were unjust, and that their sworn denials that any of them were just had been made by their attorneys of record, instead of by themselves in person. It is held that such a showing did not entitle them to such a judgment.

The judgment will, therefore, be reversed and the cause remanded to the trial court.

Reversed and remanded.