**DUNLOP TIRE & RUBBER CORPORATION, Appellant,**

v.

**Allen B. SLACK, Appellee.**

No. 15582.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 25, 1955.

J. R. Ogle, Wichita Falls, Goldberg & Alexander, Arthur S. Goldberg, Dallas, for appellant.

Mock, Kee & Whiteside, Donald R. Kee, Wichita Falls, for appellee.

BOYD, Justice.

Appellant Dunlop Tire & Rubber Corporation sued appellee Allen B. Slack upon a sworn account evidenced by notes and checks. Appellee denied the account and filed a cross-action. Upon a jury verdict, judgment was rendered denying appellant recovery and decreeing that appellee take nothing on his cross-action. Appellant alone appealed.

■ Appellant's first point for reversal is that the court erred in overruling its exception to appellee's affidavit denying the sworn account, because the affidavit did not state that "within the knowledge of affiant," the verified account was not true, in whole or in part. Appellant contends that the answer was insufficient under Rule 93, subd. (k), and Rule 185, Texas Rules of Civil Procedure.

We do not agree with appellant's construction of the rules. Rule 93, subd. (k), provides that when an account is the foundation of the plaintiff's action, and supported by an affidavit, the answer that the account is not just must be verified; and Rule 185 provides that when a verified account is the foundation of the plaintiff's suit it shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a "* * * written denial, under oath, stating that such claim is not just or true, in whole or in part, * * *."

Appellee's answer was in part, as follows: "Defendant shows the Court that the verified account which is the foundation of the Plaintiff's action is not just or true, in whole or in part." This was sworn to by appellee; and we think it was sufficient under the rules to put in issue the correctness of the sworn account. Tucker v. Neal Oil Corp., Tex.Civ.App.,

255 S.W.2d 302; Nunneley v. Weiler, Tex. Civ.App., 244 S.W.2d 707; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709.

■ By its second and third points, appellant contends that the court erred in refusing to grant its motion for instructed verdict and its motion for judgment non obstante veredicto, its position being that it was uncontroverted that appellee bought all the merchandise the purchase price of which was represented by the account, and that it was likewise undisputed that there was an unpaid balance of $2,003.97, and, therefore, there was no basis for a judgment denying appellant recovery as prayed for.

Motions for instructed verdict and for judgment non obstante veredicto being properly overruled when there is some evidence on which to base an opposite finding, appellee was entitled to the benefit of the most favorable construction which the evidence will bear, as well as all reasonable inferences therefrom. Coca-Cola Bottling Co. of Fort Worth v. Burgess, Tex.Civ.App., 195 S.W.2d 379; Collett v. Collett, Tex.Civ.App., 217 S.W.2d 60; Evans v. Houston Printing Corporation, Tex.Civ.App., 217 S.W.2d 85.

On May 10, 1950, appellee gave to appellant six notes, each in the principal sum of $1,252.51, the total of the notes representing the amount owing by appellee at that time. On July 10, 1950, appellee gave to appellant another series of six notes, each in the principal sum of $1,070.45, the total of these notes representing the purchases made by appellee from May 10, 1950, to July 10, 1950. After the execution of the second series of notes, appellee purchased from appellant $1,490 worth of merchandise.

In addition to cash payments made by appellee and credit for merchandise returned, he was entitled to and received certain credits for bonuses and for adjustments he made for appellant with purchasers of appellant's tires. Appellant contends that after allowing all credits for cash payments, returned merchandise, and

adjustments, appellee is still indebted to it in the sum of $2,003.97. Appellee contends, on the other hand, that he had overpaid the entire indebtedness.

Appellant's books carried its business with appellee as an open account, notwithstanding the acceptance of the two series of notes. Credits were made by entries in the credit column of the account, although appellant's manager testified that collection of the notes was made by sending them to appellee's bank, the bank making the remittances when the notes were paid, and delivering the notes to appellee. He further testified that all the notes were paid except one for $1,252.51, dated May 10, 1950, and due August 10, 1950, and one for $1,070.45, dated July 10, 1950, and due August 10, 1950, and that appellee had enough other credits to reduce the balance owing to $2,003.97. The two notes were introduced in evidence.

Appellant's case was submitted on a single issue, which was: "Do you find from a preponderance of the evidence that there is a balance due from the Defendant Slack to the Plaintiff Dunlop based upon two notes dated May 10, 1950 and July 10, 1950? And due August 10, 1950?" The answer was "No." The following issue was also submitted: "Do you find from a preponderance of the evidence that the two notes dated May 10, 1950, and July 10, 1950, made by Allen B. Slack to Dunlop Tire and Rubber Corporation, due August 10, 1950, have been paid in full?" The answer was "Yes."

We think the record was such as to require the submission of the case to the jury, and that there was some evidence of probative force to sustain the jury's answers to the issues. Appellant's manager testified that on August 28, 1950, appellee paid $1,857.52 by check, and that from July 10, 1950, the date on which the second series of notes was given, to August 20, 1950, appellee was entitled to other credits in the amount of $757.11, and that during that time he was charged with only $450.-78; that appellee during that time had been credited with certain other discounts, which the witness thought should not have been, but were, allowed. While the witness maintained that appellee was given credit for all payments, adjustments, and discounts, it is not clear from the record how credit was given for the $1,857.52 check, the $306.32 excess of current credits over current charges, and the other discounts mentioned by the witness. They were not credited to the two notes, although the witness said that had they been, the two notes would have been paid. He thought these items might have been credited to notes not at that time due according to their terms; yet it would seem from his testimony heretofore alluded to that the notes which he thought might have received these credits were paid by appellee's bank upon their receipt from appellant for collection, and were delivered by the bank to appellee. It was shown without dispute that after the $1,857.52 payment was made by check, appellee paid $500 more by check, and that he was given a $241.36 bonus credit, and was entitled to some more adjustment credits, the exact amount of which is not ascertainable from the record.

Appellee's testimony was to the effect that had he been given all credits to which he was entitled his account would have been overpaid.

Appellant's last point is that even if it was not entitled to judgment non obstante veredicto for $2,003.97, it was entitled to such judgment for $1,736, evidenced by four unpaid checks issued by appellee to appellant in the amount of $434 each. Appellant does not contend that these checks were given for merchandise purchased in addition to that shown in the account sued upon, but were given to apply on that account, and further to extend the time of payment of the notes and current charges. Therefore, if these checks had been paid, it would have been unnecessary for appellee to have paid the entire amount evidenced by the notes and the current charges, since to that extent it would have constituted double payment. However, appellee testified that the checks were not given by him as any evidence of an agreement that he

owed the amounts represented by the checks, but were given only to prevent the filing of a suit until he and appellant could find time "to iron these differences out and ascertain exactly what it ought to be." What we have said in the disposition of points two and three compels us to overrule this point.

Whether appellant's suit was upon open account, or on notes, or on notes and checks, there was no request for the submission of any phase of appellee's alleged indebtedness other than as represented by the two notes. We cannot say that, as a matter of law, appellant conclusively established its right to recover.

The judgment is affirmed.