**GRAY'S CONTAINER SERVICE, INC., A Corporation, Appellant,**

v.

**ROYAL INDEMNITY COMPANY, A Corporation, Appellee.**

No. 2–82–061–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 20, 1983.

Bishop, Lamsens & Brown, and S. Gary Werley, Robert D. Frye, Fort Worth, for appellant.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

HUGHES, Justice.

Gray's Container Services, Inc. has appealed the judgment rendered against it and in favor of Royal Indemnity Company in a suit on sworn account for insurance premiums.

We reverse and remand.

We find it necessary to pass on point of error number six only: In short, was it error for the trial court to find the sworn answer of Gray insufficient because it did not show on its face that it was within the knowledge of the affiant? Do Tex.R.Civ.P. 185 and 93(k) require a defendant's counter affidavit in a suit on sworn account to specifically state that the facts are within the affiant's personal knowledge? We hold they do not so require.

In the pertinent parts, rule 185 reads as follows:

When any action or defense is founded upon an open account ... on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; ...

This clearly sets out the requirements for the affidavits by both the plaintiff and the defendant. The plaintiff's affidavit must specifically state that the facts contained therein are within the knowledge of the affiant. Under the rule, this is not required of the defendant. Rule 93(k) also does not place this requirement on the defendant.

The cases on this point are in conflict. In *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ) the court stated as an afterthought that there was no showing in the affidavit that the attorney making the affidavit had any personal knowledge of the facts set out in the body of the pleading.

The cases of *Hill v. Floating Decks of America, Inc.*, 590 S.W.2d 723 (Tex.Civ.App. —San Antonio 1979, no writ) and *Dunlop*

*Tire & Rubber Corporation v. Slack*, 276 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1955, no writ) state that the defendant's affidavit is not fatally defective simply because it does not state that the facts are within the personal knowledge of the affiant. We agree with this line of cases and refuse to read the requirement into the rules that a recital of personal knowledge be made by the defendant.

We hold that the answer by the defendant was sufficient under the rules to put in issue the accuracy of the sworn account. The point of error is sustained.

The judgment of the trial court is reversed and remanded for further proceedings.