**Jesus V. REYNA, Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellee.**

No. 08–93–00281–CV.

Court of Appeals of Texas, El Paso.

Aug. 18, 1994.

Rehearing Overruled Oct. 5, 1994.

Joel Fry, Moreno & Fry, El Paso, for appellant.

Michael G. McLean, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This is an appeal from a judgment against Appellant in a worker's compensation case. In a single point of error, Appellant, Jesus Reyna, asserts that the trial court erred in submitting a "good cause" issue to the jury because the Appellee failed to raise its defenses by a proper verified denial. We reverse and remand.

### Summary of the Evidence

Appellee, National Union, filed suit on September 9, 1991, appealing an Industrial Accident Board award in favor of Appellant, Jesus Reyna, arising out of an alleged injury sustained by Appellant on December 20, 1985. Appellant's answer on September 18, 1991 alleged a timely filed claim for compensation, or alternatively, good cause for late filing. On March 30, 1993, seven days prior to trial, Appellee filed its answer to Appellant's counterclaim alleging that Appellant failed to timely file his claim with the Industrial Accident Board, and denied that Appellant had good cause for not filing timely. On the day of trial, Appellant filed his objection to Appellee's verified denial which was overruled by the trial court. Appellant's objection asserted the affidavit did not reflect that the affiant defense attorney had personal knowledge of the facts alleged in the verified denial and, further, that he was not competent to make the verified denial. At trial, Appellant renewed his objection, and objected to the jury charge containing an issue on "good cause." The trial court overruled Appellant's objection, and the jury found Appellant did not have good cause for delay in filing his claim with the Industrial Accident Board.

## Rule 93(13)

Rule 93, Texas Rules of Civil Procedure, requires that certain pleas, unless the truth of such matters appear of record, shall be verified by affidavit. Rule 93 contains sixteen subsections concerning certain matters that require verification by affidavit. Subsection 13 concerns cases appealed to court from the Industrial Accident Board and includes eight subdivisions.

Rule 93(13) provides that certain pleaded matters in cases appealed to the court from the Industrial Accident Board shall be presumed to be true as pleaded and have been filed timely unless denied by verified pleadings. Tex.R.Civ.P. 93(13). Affidavits verifying the denial of matters involving notice of injury and good cause for not filing a claim with the Industrial Accident Board within the one year period may be made upon information and belief. Tex.R.Civ.P. 93(13)(a), (g). The implication is that the other matters set forth in Rule 93(13) are not sufficiently denied if the verification is made upon information and belief. *Lechuga v. Texas Employers' Ins. Assoc.*, 791 S.W.2d 182, 183–84 (Tex.App.—Amarillo 1990, writ denied); *Federal Underwriters Exch. v. Hinkle*, 187 S.W.2d 122, 126 (Tex.Civ.App.—Ft. Worth 1945, writ ref'd w.o.m.), *accord Continental Fire & Casualty Ins. Corp. v. Snow*, 213 S.W.2d 720, 721 (Tex.Civ.App.—Eastland 1948, no writ). A denial that a claim for compensation was timely filed with the Industrial Accident Board is not sufficient if made on information and belief. Tex. R.Civ.P. 93(13)(b). Thus, the effect of the rule in those matters not excepted and allowed to be made on information and belief is that a sworn affidavit based on personal knowledge is required verifying the asserted matter.

### The Answer and Affidavit

The relevant paragraph of the defendant's answer read:

### IV

For further answer, and without waiving the foregoing, Defendant alleges that Plaintiff failed to timely file the claim for compensation with the Texas Industrial Accident Board, and denies that there was good cause to excuse such failure.

This denial encompasses matters involving Rule 93(13)(b) as well as (g). As provided by the rule, since this denial was involving subsection (b), the verifying affidavit must be based on personal knowledge. A failure to properly do so would trigger the rule's presumption that the Appellant's allegation of timely filing was true as pleaded. *See* Tex. R.Civ.P. 93(13). The denial in question includes a clause involving good cause for not timely filing the claim for compensation, which is a matter allowed to be made on information and belief; however, since it is included with the denial for timely filing the claim, the standard for verification would necessarily be the higher personal knowledge requirement, since it would also cover the lesser standard of information and belief.

The affidavit in question read:

BEFORE ME, the undersigned authority, on this day personally appeared MICHAEL G. McLEAN, who first being duly sworn stated upon oath that he is the attorney of record for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, herein, that he is authorized to act on behalf of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA herein, and that the foregoing statements and denials in Paragraphs IV and V of Defendant's answer are true.

### Discussion

■ Appellant maintains that the failure of Appellee to show in the affidavit that he was possessed of personal knowledge renders the verification inadequate to put in issue "timely filing" of his claim with the Industrial Accident Board. We agree.

The cases involving Rule 93(13) have not shed any light on the adequacy of the affidavit required by the rule. Both Appellant and Appellee rely upon cases involving the adequacy of affidavits in denying sworn accounts, presently Rule 93(10); and in summary judgment cases Rule 166a. Reliance, however, on Rule 166a cases is misplaced

whereby that rule sets out, specifically, the requirements of the affidavit and is thus not closely analogous to the issue at bar. We note that in addition to the exceptions found in Rule 93(13) allowing matters to be verified upon information and belief, two other subsections of Rule 93 allow verification upon information and belief. Tex.R.Civ.P. 93(8) and 93(15). Thus, the courts construing subsection 10 were confronted with the issue of the adequacy of affidavits analogous to the case *sub judice.*

No particular terminology is required by the Government Code to render a document an affidavit. Tex.Gov't Code Ann. § 312.011 (Vernon 1988); *Norcross v. Conoco, Inc.,* 720 S.W.2d 627, 630 (Tex.App.—San Antonio 1986, no writ).

The present affidavit set forth that Mr. McLean was Appellee's attorney of record and its agent. Although Mr. McLean is allowed under Rule 14 to execute the affidavit, it does not obviate his responsibility to meet the personal knowledge requirement of the rule. In *Edinburg Meat Prod. Co. v. Vernon Co.,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ) (a Rule 93(10) case, formerly Rule (93(k)), the Court held that without an assertion of personal knowledge by the affiant, the requirements of a verified denial are not met. *Id.* at 436. There is a division among the courts of appeal concerning this requirement.

■ Appellee relies on *Gray's Container Serv., Inc. v. Royal Indem. Co.,* 644 S.W.2d 918, 919 (Tex.App.—Fort Worth 1983, no writ), *Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723, 728 (Tex.Civ.App.—San Antonio 1979, no writ), and *Dunlop Tire & Rubber Corp. v. Slack,* 276 S.W.2d 400, 401 (Tex.Civ.App.—Fort Worth 1955, no writ) for the proposition that Rule 93 denials do not require a recital of personal knowledge. Each of these cases hold contrary to the Corpus Christi Court. *Dunlop Tire* and *Gray's Container Service* involved the construction of Rule 93(10). However, we believe these rulings were incorrect to the extent they did not require a *showing* that the affidavit was based upon personal knowledge. We believe that the same implication discussed above concerning Rule 93(13) applies equally to the remainder of Rule 93, those matters not explicitly excepted as allowed to be verified upon information and belief (notice of injury and good cause for late filing) are required to be verified by affidavit based upon personal knowledge. The cases cited by Appellee refused to read the requirement into the rule that a *recital* of personal knowledge be made by the defendant. *Gray's Container Serv.,* 644 S.W.2d at 919 (following *Hill* and *Dunlop Tire* ). We agree it is the substance and not the form of an affidavit that is important. *Norcross,* 720 S.W.2d at 630. We agree with these cases to the extent that no particular rote statement is required; however, we disagree with these cases to the extent they dispense with the requirement that the affidavit contain information reflecting the nature of the affiant's knowledge.

■ *Hill v. Floating Decks of America, Inc.* is distinguishable in that the Court held there is no reason to require a statement of personal knowledge when it was apparent by the affiant's position that he was possessed of personal knowledge. In particular, *Hill* refers to *Doll v. Mundine,* 84 Tex. 315, 19 S.W. 394 (1892), a case regarding an affidavit in support of a motion for continuance, for the proposition that the Texas Supreme Court held that a recital of personal knowledge is not required unless such recital is required by statute. *Hill,* 590 S.W.2d at 729. Whereas particular verbiage or recitation may not be a requirement in affidavits generally, we believe that with the enactment of the Rules of Civil Procedure, *Doll v. Mundine* cannot be authority for the proposition that the affidavit in a Rule 93 case need not contain information concerning the nature of the affiant's knowledge. We believe the provisions of Rule 93 which allow affidavits based upon information and belief regarding certain specified matters effectively require personal knowledge for matters involving the remaining subsections of Rule 93. We hold that there must be some showing that the affiant had personal knowledge of the matters verified under Rule 93(13), except for matters involved in subsections (a) and (g) which can be made on information and belief alone.

Appellee argues that personal knowledge can be inferred from the position of the individual verifying the affidavit. Appellee asserts that by virtue of his representation of the carrier, he would have access to all the documents related to the claim, such as the documents showing the date of injury, the date of the employer's first report of the injury, and the date of the claimant's notice of injury and claim for compensation. He further asserts that no other individual would possess greater personal knowledge of the late filing than the carrier's counsel. In another denial of a sworn account case where the affiant was an officer of the defendant-guarantor company, the Court said that such representation did not mean that he had sufficient personal knowledge of the specific items and services alleged to have been provided in the sworn account. *Gorrell v. Tide Prod., Inc.,* 532 S.W.2d 390, 395 (Tex.Civ. App.—Amarillo 1975, no writ). If the officer did not have personal knowledge of the matters involved, he could not properly deny them under oath since they would be hearsay as to him. *Id.* at 396. Likewise, in the case at bar, Appellee did not differentiate knowledge of matters known to him personally as opposed to information received from the client, which would be hearsay as to him. We find Appellee's mere recital of his position, and that the statements averred are true, inadequate to show personal knowledge of the event on the affiant's part in the absence of any such recitation. Appellee failed to assert facts which would compel an inference of personal knowledge. The Supreme Court, in enacting the rules, was obviously concerned that an affidavit based upon personal knowledge be required in the denial of a timely filing of a claim for workers' compensation benefits.

The Texas Supreme Court was possessed of sufficiently compelling reasons to cause it to enact the requirement of personal knowledge in matters covered by the rule. A compelling reason for the rule is so that the parties, the court, and its officers may be put on notice that the affiant knows whereof he speaks, and that he has personal knowledge of the matters to which he swears and is putting into issue. The parties, the court, and its officers need to know, and have a right to know, whether or not the affiant has personal knowledge of such matters. They should not be compelled to inquire by interrogatory or deposition as to whether or not the affiant has personal knowledge. Additionally, without such information present in the affidavit, the court and its officers will not know if the affiant is in compliance with what we believe to be the desire of the Texas Supreme Court that the affidavit be based on personal knowledge. Openness in the positions of the parties has been a continuing aim of the courts of this State since the Supreme Court enacted the Rules of Civil Procedure some fifty years ago, which rules, among other accomplishments, abolished the general demurrer. We feel it was in keeping with the Supreme Court's aim for openness between litigants concerning their positions to require the affidavit be based upon personal knowledge. Requiring a showing of personal knowledge normally takes little effort, results in no detriment to the affiant, and apprises the court and its officers of the source of the affiant's assertion.

### Testing the Affidavit

■ Would the affidavit under consideration support a conviction for perjury if falsely made? The general test applied to determine the sufficiency of affidavit is whether if the facts to which the affiant swears are false, the affiant may be prosecuted and convicted of perjury. *Dixon v. Mayfield Bldg. Supply Co., Inc.,* 543 S.W.2d 5, 7 (Tex.Civ. App.—Fort Worth 1976, no writ). The present affidavit would not support a prosecution for perjury. *See Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975) (affidavit insufficient unless allegations therein are direct and unequivocal and perjury can be assigned to it). We find that in the case *sub judice,* the allegations in the affidavit are not sufficiently direct and unequivocal regarding personal knowledge so as to support a conviction for perjury if falsely made. Thus, we hold that the affidavit under consideration is not compatible with the aim of the Supreme Court in requiring that the affidavit be made upon personal knowledge of the affiant. We therefore hold that Appellee failed to properly deny Appellant's allegation of a timely

filed claim for compensation. Absent a properly verified denial, the timeliness for filing the claim would be presumed in accordance with Rule 93(13) and, therefore, the trial court erred in overruling Appellant's objections to the verified denial and submitting an issue to the jury regarding good cause for not filing the claim with the Industrial Accident Board within the one year period provided by statute. Appellant's sole point of error is sustained.

### Difficulty of Compliance

Notwithstanding our holding in this case, we feel compelled to comment on the intolerable burden placed upon a party to a worker's compensation suit in requiring a denial that claim was made within one year of an injury be based upon personal knowledge.

Article 8307, Section 4a, Texas Revised Civil Statutes, requires that a worker who wishes to make a claim for benefits under the Texas Workers Compensation Act shall make a claim within one year of the injury. TEX. REV.CIV.STAT.ANN. art. 8307, § 4a (Vernon Supp.Pamphlet 1994). The claim must be made with the Industrial Accident Board and is accomplished by filing the claim with the Board in Austin, Texas. In order to comply with the requirements of Rule 93(13), subsection (b), Texas Rules of Civil Procedure, if an employer wishes to place in issue whether or not claimant failed to make his claim within such period, an affiant must deny under oath, upon personal knowledge, that the claimant failed to file the claim within one year. To be able to comply with the rules in this connection would be an extremely rare occurrence. Obviously, if the Industrial Accident Board files do not reflect that a claim has been filed, this would be information upon which a belief could be founded that a claim was not made within the required period. However, this would result only in affording knowledge sufficient for the making of an affidavit based upon information and belief. It would not be personal knowledge. The fact that the records of the Industrial Accident Board do not show a timely filing of a claim does not mean that its clerks or personnel are infallible; it only means that their records do not show a filing within one year.

For the rules to require an agent of the employer to swear that he or she has personal knowledge that a claim was not filed within one year would be to cause him or her to swear to something that he or she could not know of their own personal knowledge. Virtually all an affiant agent can do to place in issue a failure to file within the statutory period is examine the records and upon failing to find a claim timely filed, and based upon this information form a belief that one was not filed within the required period. This affidavit based upon information and belief would be insufficient under our holding. For the rules to require personal knowledge in such a situation is to require something that is impossible or virtually impossible of compliance by anyone other than an employee of the office of the Industrial Accident Board in Austin, Texas.

### Conclusion

Having sustained Appellant's sole point of error, the judgment of the trial court is reversed and the cause remanded for a new trial.

LARSEN, Justice, concurring.

I concur in the majority's conclusion in this case, but I write separately because I cannot agree with its criticism of TEX.R.CIV.P. 93. That this is the only case where an appellate court has been asked to construe the interplay between Rule 93(13)(b) and (g) indicates to me that compensation carriers have not found the verification requirement an "intolerable burden" heretofore. Generally, a carrier receives notice of the employee's claim for compensation at the same time, or shortly after, it is filed with the IAB (under the old law). An employee of the carrier would have personal knowledge if such notice were not received and could easily make an affidavit so reflecting. As the majority correctly points out, the purpose of requiring verification in compensation cases is to encourage identification of areas which are truly contested, while compelling the parties to stipulate those areas where there is no controversy. I

therefore see no urgent need to change the rule as it presently exists.