**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Petitioner,**

v.

**Jesus V. REYNA, Respondent.**

**No. 94–1204.**

Supreme Court of Texas.

May 11, 1995.

Rehearing Overruled June 8, 1995.

Michael G. McLean, Jeffrey S. Alley, for petitioner.

Joel Fry, El Paso, for respondent.

PER CURIAM.

This case involves an appeal from a judgment of the Texas Workers' Compensation Commission in favor of the employee claimant. The employer's insurer sought a trial de novo to review the award. The trial court rendered a take-nothing judgment in favor of the insurer because the claimant had failed to file his claim within one year of injury. Upon the claimant's appeal, the court of appeals reversed the judgment on the ground that the insurer's verified pleading was supported by an inadequate affidavit under Rule 93(13) of the Texas Rules of Civil Procedure. 883 S.W.2d 368. We disagree, and reverse and render judgment for the insurer.

Jesus V. Reyna, an employee of Mountain Pass Canning Company, was injured while working on December 20, 1985. Reyna did not file a claim with the Commission until August 30, 1990, over four and a half years later. The Texas Workers' Compensation Act required that an employee file his claim for compensation within one year of the date of injury, or show good cause for filing later than the one-year anniversary of the date of injury. TEX.REV.CIV.STAT. art. 8307, § 4a (Vernon 1967) (repealed by Act of 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex. Gen.Laws 114) (current version at TEX.LAB. CODE § 409.001–.004 (Supp.1995)). The Commission found in favor of Reyna despite the delay, and ordered National Union Fire Insurance Company, Mountain Pass's workers' compensation insurance carrier, to pay the award. National Union filed suit in district court to challenge the award to Reyna. Under the statute then in effect, an appeal from a judgment of the Commission was tried de novo with the burden on the claimant to prove his right to compensation. *Id.* § 5 (repealed 1989) (current version at TEX. LAB.CODE § 410.303–.304 (Supp.1995)). In the trial court, Reyna pleaded that he had timely filed a claim with the Commission, or in the alternative, that he had good cause for filing his compensation claim late. National Union answered and denied that Reyna had filed his claim on time and that he had good cause for late filing. National Union attached to its answer an affidavit signed and sworn to by Michael McLean, National Union's attorney, stating that the "statements and denials ... of [National Union]'s answer are true."

On the day of trial, Reyna objected to National Union's verified denial, claiming that the affidavit did not show that McLean had personal knowledge of the facts alleged. Reyna later objected to the submission of a jury question on "good cause," arguing that no fact issue had been raised by National Union's defective denial. The trial judge overruled both objections. Following trial, the jury found that Reyna did not have good cause for filing his claim with the Commission after the one-year deadline. Accordingly, the trial court rendered a take-nothing judgment against Reyna. Reyna appealed. He argued that the trial court erred in overruling his objections to the adequacy of McLean's affidavit in support of National Union's verified pleading. The court of appeals, with one judge concurring, agreed. It reversed and remanded the case for a new trial on the ground that McLean's affidavit was defective because it failed to show that McLean had personal knowledge. 883 S.W.2d at 373.

We agree with the court of appeals that McLean's affidavit was not made with personal knowledge that Reyna lacked good cause for having filed his claim later than one year from the date of injury. We reverse

the judgment of the court of appeals, however, because subsection (g) of Rule 93(13) of the Texas Rules of Civil Procedure governed National Union's denial of Reyna's claim, and McLean's affidavit made on information and belief satisfied that subsection of Rule 93.

The pertinent parts of Rule 93 state:

> A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.
>
> ....
>
> (13) In the trial of any case appealed to the court from the Industrial Accident Board [now known as the Texas Workers' Compensation Commission] the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:
>
> . . . . .
>
> (b) Claim for compensation.
>
> . . . . .
>
> (g) That there was good cause for not filing claim with the Industrial Accident Board within the one year period provided by statute.
>
> . . . . .
>
> A denial of any of the matters set forth in subdivisions (a) or (g) of paragraph 13 may be made on information and belief.

TEX.R.CIV.P. 93. The court of appeals held that National Union's affidavit had to satisfy both subsections (b) and (g) of Rule 93(13). 883 S.W.2d at 370. It reasoned that although a party could plead a denial under subsection (g), verified by an affidavit made on information and belief, such an affidavit would not suffice for subsection (b). The court of appeals concluded that the verified denial under the latter subsection would require an affidavit made on personal knowledge. *Id.* In this case, because McLean's affidavit did not show personal knowledge about Reyna's claim for compensation and his lack of good cause for filing the claim late, the court of appeals held that Rule 93(13)'s presumption that Reyna's claim was filed in a "legal time and manner" controlled. *Id.* at 373. We disagree that National Union's verified denial implicated subsection (b) of Rule 93(13), and that McLean's affidavit was inadequate.

We hold that subsection (g) of Rule 93(13) alone governs an employer's or its insurer's denial of a compensation claim based on the employee's failure to file his claim within one year of injury *and* his lack of good cause for filing the claim late. Rule 93(13)(g) allows such a pleading in denial to be verified by a party's affidavit made on information and belief. Thus, McLean's affidavit adequately verified National Union's denial of Reyna's compensation claim, based on Reyna's failure to file his claim on time and his lack of good cause for untimely filing.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this Court grants National Union's application for writ of error, and without hearing oral argument, reverses the judgment of the court of appeals and renders judgment reinstating the trial court's order that Reyna take nothing.