NUMBER 13-00-00597-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

______________________________________________________________

ROBERT THOMAS COOK , Appellant,


v.


THE STATE OF TEXAS , Appellee.

_______________________________________________________________


On appeal from the 36th District Court

of Aransas County, Texas.

_______________________________________________________________


O P I N I O N

Before Justices Yañez, Castillo, Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted by a jury of felony driving while intoxicated (DWI). He was placed on community supervision
for a period of seven years. The appeal raises two issues.

Appellant's first issue alleges that the trial court erred in failing to grant a motion to suppress. The thrust of the motion is
that the detention of the appellant by the arresting officer was not lawful under the facts of the case and that anything
discovered as a result thereof was tainted. Appellant claims that the officer followed appellant for only fifteen seconds
before stopping him and did not observe anything significant in that short time. However, a reading of the record shows
otherwise.

In his testimony on the motion to suppress, the officer stated that he first observed appellant drive in a reckless manner as
he exited a parking lot. Because of this the officer proceeded to follow appellant and, after only a short distance, he saw
appellant cross the center line of the roadway several times, including one time when he went completely over into the
other lane on a curb. The officer stopped appellant's car, concluded that appellant was intoxicated, and arrested him. 

Appellant cites two cases, Hernandez v. State, 983 S.W.2d 867 (Tex. App.-Austin 1998, no pet.) and State of Texas v.
Arriaga, 5 S.W.3rd 804, 807 (Tex. App.-San Antonio 1999, pet. ref'd). In Hernandez, the officer testified that appellant
was in the right hand lane of a five-lane highway when he swerved to the left. He stated that appellant crossed the line on
his left once by "eighteen inches, couple of feet; not much." The officer initiated his traffic stop "just three or four seconds"
after he saw the wheels cross the lane marker. 

Arriaga, was a case similar to the case before us involving a lane crossing. The appeals court noted that the officer couldn't
remember how many times the wheels crossed in a mile and a half distance (between two times and seven times). Using
the totality of the circumstances test (first set forth in Hulit v. State, 982 S.W.2d 431, 432 (Tex. Crim. App. 1998) the San
Antonio Court held that the officers' stop amounted to an unreasonable search and seizure. Using the same test, we hold
that the stop in this case was reasonable based upon the evidence heard by the trial judge in the motion to suppress hearing. 
We deny the relief sought in appellant's first issue. The second issue is, "the trial court erred in allowing the attorney for
the state to participate in a demonstration for the jury over the objection of the appellant. The record shows that in the trial
before the jury the state's attorney requested permission of the court to have the arresting officer demonstrate a test
commonly used in DWI cases using himself as the suspect. (2) Appellant cites two cases, Beasley v. State, 728 S.W.2d 353
(Tex. Crim. App. 1987) and Brown v. State, 883 S.W.2d 369 (Tex. App.-Fort Worth, 1994) [both citations by appellant] in
support of his issue. (3)

Beasley was not decided on this issue. However, in a footnote to the opinion the court said:

Because we have held the confession to be inadmissible, we need not admonish the assistant district attorney that it would
be highly improper for him to serve again as witness to the confession, then to resume conducting the state's case, then to
argue to the jury (in effect to testify) that his version of events was more credible than was appellants.

Beasley, 728 S.W.2d at 357 fn. 5.



Brown cited Beasley as authority and reversed and remanded the case because in Brown the state's attorney:



[The prosecutor] gave the state's closing arguments after she had put her credibility in issue by testifying as a witness. In
effect she testified to the jury during closing arguments that her version of events was more credible than appellants version
of events. Under these circumstances the trial court erred in allowing her to continue prosecuting the case after she testified
as a witness in the case, and we cannot say beyond a reasonable doubt that this error did not contribute to appellant's
conviction. Brown, 389 S.W.2d at 391.



In the case before us the prosecutor did not testify. He merely permitted himself to be used by the officer for
demonstration purposes. He did not speak during the demonstration. The wording of both Beasleyand Brown demonstrate
what is wrong with the prosecutor taking the stand and testifying to facts which was not done in the case before us.

We deny the relief sought by appellant in his second issue and AFFIRM the judgment of the trial court.NOAH O.
KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 2nd day of August, 2001.



1. Senior Justice Noah O. Kennedy assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. The horizontal gaze Nystagnus (HGN) test. 

3. Both Beasley and Brown were overruled by Brown v. State, 921 S.W.2d 227 (Tex. Crim. App. 1996).