OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 2, 1999

The Honorable Ken Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0059

Re: Whether article 4582b of the Revised Civil Statutes and Texas Funeral Service Commission rules preclude a funeral establishment designating the embalming facilities of another funeral establishment as its embalming room, from retaining a licensed embalmer as an independent contractor, and related questions (RQ-0054)

Dear Senator Armbrister:

You ask a variety of questions about article 4582b of the Revised Civil Statutes, TEX. REV. CIV. STAT. ANN. art. 4582b (Vernon 1976 & Supp. 1999), which governs funeral directing and embalming, and the authority of the Texas Funeral Service Commission to regulate the funeral service industry. Because article 4582b requires each funeral establishment to have an on-site embalming room, *see id.* § 4(C) (Vernon Supp. 1999), we conclude that a funeral establishment may not designate an off-site embalming facility to satisfy this statutory requirement. We also conclude that a licensed embalmer may work as an independent contractor for a funeral establishment on the premises of the funeral establishment or in the embalming room of another licensed funeral establishment. Because neither article 4582b nor the Texas Funeral Service Commission rules, *see* 22 TEX. ADMIN. CODE ch. 203 (1998), require a funeral establishment to make disclosures about the location of embalming when permission to embalm is given orally, none is required. Neither article 4582b nor the Commission rules require an embalmer who has no contractual relationship with the customer to make price disclosures to the customer, nor do the statute or rules generally require the funeral establishment to disclose the price charged to the funeral establishment for embalming by the embalmer. Finally, we conclude that if the Commission employs in-house an investigator, the investigator must meet one of the three qualifications listed in section 6D(f)(1)-(3) of article 4582b. A person employed by the Commission as an inspector may serve as an investigator if he or she meets one of these three qualifications.

We begin with a brief review of the statutory and regulatory framework. Article 4582b establishes the Texas Funeral Service Commission (the "Commission") composed of nine commissioners appointed by the Governor with the consent of the Senate. TEX. REV. CIV. STAT.

ANN. art. 4582b, § 2 (Vernon Supp. 1999).[1] Among other responsibilities, the Commission licenses persons, namely funeral directors and embalmers, *id.* § 3, and premises, namely funeral establishments and commercial embalming establishments, *id.* § 4.

Article 4582b provides that a "funeral director" is "a person who for compensation engages in or conducts, or who holds himself out as being engaged, for compensation, in preparing, other than by embalming, for the burial or disposition of dead human bodies." *Id.* § 1(A)(1). Such a person must hold a funeral director license. *Id.* § 1(A)(2). An "embalmer" is a "person who for compensation disinfects or preserves a dead human body" by various means. *Id.* § 1(D). All persons who engage in the practice of embalming must be licensed embalmers. *Id.* Article 4582b authorizes the Commission "to prescribe and maintain a standard of proficiency, professionalism, and qualifications of those engaged . . . in the practice of a funeral director or embalmer and to determine the qualifications necessary to enable any person to lawfully practice as a funeral director, to embalm dead human bodies, and to collect fees therefor." *Id.* § 3A.

The Commission is also authorized to license two types of premises, funeral establishments and commercial embalming establishments. *Id.* § 4(A)-(C). The term "funeral establishment" refers to "a place of business used in the care and preparation for burial or transportation of dead human bodies, or any place where one or more persons, either as sole owner, in co-partnership, or through corporate status, represent themselves to be engaged in the business of embalming and/or funeral directing, or are so engaged." *Id.* § 1(G). Section 4(C) of article 4582b requires a funeral establishment to have a physical plant, equipment, and personnel consisting of the following eight items:

1.  Some facilities in which funeral services may be conducted;

2.  A physical plant which meets building standards and fire safety standards of the state and of the municipality in which the establishment is located;

3.  Access to rolling stock consisting of at least one motor hearse;

4.  A preparation room containing facilities, equipment, and supplies required by commission rule to ensure the provision of adequate embalming services and other facilities necessary to comply with the sanitary code of the state and the municipality in which the room is located;

---

[1]House Bill 3516, which has passed both Houses of the Texas Legislature and is awaiting the Governor's signature, would change the composition of the Commission and reduce the number of commissioners from nine to six. *See* Act of May 24, 1999, 76th Leg., R.S., H.B. 3516 (to be codified at TEX. REV. CIV. STAT. ANN. art. 4582b) (amending section 2(A)(1) of article 4582b).

5. A display containing sufficient merchandise to permit reasonable selection, including five (5) or more adult caskets . . . ;

6. Sufficient licensed personnel who will be available to conduct the operation of the funeral establishment;

7. A physical plant located at a fixed place, and not located on any tax-exempt property or cemetery; and

8. A physical plant which meets the health standards or health ordinances of the state and of the municipality in which the establishment is located.

*Id.* § 4(C).

A "commercial embalming establishment" is one that "embalms for licensed funeral establishments and does not sell any services or merchandise directly or at retail to the public." *Id.* § 1(L). Pursuant to section 4(C), an establishment that functions solely as a commercial embalmer must have a "commercial embalmers establishment license" but is not "required to meet the requirements of sub-sections 1 and 5 of this paragraph." *Id.* § 4(C). In other words, unlike a funeral establishment, a commercial embalming establishment is not required to have "facilities in which funeral services may be conducted," *id.* § 4(C)(1), or a merchandise display, *id.* § 4(C)(5). Article 4582b does not contain any other provisions that pertain only to commercial embalming establishments and often uses the term "funeral establishment" to refer to both commercial embalming establishments that embalm for funeral establishments and funeral establishments that provide a full range of services directly to the public. *See, e.g., id.* §§ 1(G), 4(A), (B), (D)-(J).

In addition to the authority to license, the Commission is empowered to "adopt rules and prescribe forms necessary to administer" article 4582b pursuant to the Administrative Procedures Act. *Id.* § 5(A), (B); *see also id.* §§ 3(I) (authorizing Commission to issue rules to effect intent of section 3 funeral director and embalmer licensing provisions); 4(F) (authorizing Commission to issue rules to effect intent of section 4 funeral establishment licensing provisions). The Commission is authorized to discipline licensed funeral directors and licensed embalmers, *see id.* § 3(H), and funeral establishments and commercial embalming establishments, *see id.* § 4(D), and to assess administrative penalties against or reprimand a regulated person or establishment in violation of article 4582b or a Commission rule, *id.* §§ 3(H), 4(D), 6G, 6H. The Commission must inspect funeral establishments and commercial embalming establishments annually, *id.* § 4(G), and is also authorized to investigate complaints against its licensees, *id.* § 6D.

In answering your questions, in addition to discussing article 4582b, we will address Commission rules implementing and interpreting article 4582b, *see* 22 TEX. ADMIN. CODE ch. 201 (1998) (practice and procedure); ch. 203 (substantive rules), and pertinent Federal Trade Commission regulations governing funeral industry practices, *see* 16 C.F.R. pt. 453 (1999). The

federal regulations do not apply in a state if an appropriate state agency applies for an exemption and the Federal Trade Commission determines that state law provides the same or greater protection to consumers. *See id.* § 453.9. Commission counsel informs us that Texas has not obtained an exemption from these federal regulations. Finally, we note that legislation awaiting the Governor's signature would amend article 4582b in ways that would affect some of the conclusions of this opinion. *See infra* notes 2, 3, 5. We address article 4582b only as currently in effect.

In considering article 4582b and the Commission's authority, we rely on the following rules of statutory construction: Legislative intent is determined from a general view of the whole enactment in question. *Citizens Bank v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979). The interpretation of a statute by implication is permitted to supply an obvious intent not expressly stated, but not to add to what the statute provides expressly. *Massachusetts v. United N. & S. Dev. Co.*, 168 S.W.2d 226, 229 (Tex. 1942). Nor may we interpret statutory provisions to permit the making of agency "standards which are different from or inconsistent with the statute, even though they may be reasonable and may be administered reasonably." *Bloom v. Texas State Bd. of Exam'rs of Psychologists*, 492 S.W.2d 460, 462 (Tex.1973).

We also keep in mind these limitations on agency authority: "'[A]n agency can adopt only such rules as are authorized by and consistent with its statutory authority.'" *Railroad Comm'n v. Arco Oil & Gas*, 876 S.W.2d 473, 481 (Tex. App.—Austin 1994, writ denied) (citations omitted). An agency may not, "'on a theory of necessary implication from a specific power, function, or duty expressly delegated, erect and exercise what really amounts to a new and additional power or one that contradicts the statute, no matter that the new power is viewed as being expedient for administrative purposes.'" *Public Util. Comm'n v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) (quoting *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137-38 (Tex. App.—Austin 1986, writ ref'd n.r.e.)). Nor may an agency rule "impose additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Arco*, 876 S.W.2d at 481.

With this outline of the basic legal framework, we turn to your questions. You ask eleven questions covering a number of issues regarding the requirements of article 4582b and Commission rules and the authority of the Commission. *See* Letter from Honorable Ken Armbrister, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (April 9, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We begin with your question about funeral establishments and embalming facilities.

## I. FUNERAL ESTABLISHMENTS AND EMBALMING FACILITIES

You ask if "two or more separate, licensed funeral establishments [may] use a common funeral establishment as their designated embalming facility." Request Letter, *supra*, at 2 (question no. 5). Because article 4582b requires each funeral establishment to have an on-site embalming room, we conclude that a funeral establishment may not designate an off-site embalming facility to satisfy this statutory requirement.

Section 4(C)(4) of article 4582b requires "[e]ach funeral establishment . . . to have a physical plant . . . consisting" *inter alia* of "[a] preparation room containing facilities . . . required by commission rule to ensure the provision of adequate embalming services." TEX. REV. CIV. STAT. ANN. art. 4582b § 4(C)(4) (Vernon Supp. 1999). The Commission may discipline a funeral establishment for failure to comply with section 4(C). *Id.* § 4(D)(1)(a). This office recently concluded that the Commission cannot by rule exempt funeral establishments that do not provide embalming services from the section 4(C)(4) requirement. *See* Tex. Att'y Gen. LO-98-014, at 2 (noting that "[a] regulatory agency may not amend a statutory scheme by rule. *See State v. Jackson*, 376 S.W.2d 341, 344-45 (Tex. 1964)"). As noted in that opinion, section 4(C)(4) requires *all* funeral establishments to have embalming rooms, even those that engage in funeral directing and the sale of funeral merchandise, but that do not provide embalming services. *See id.* at 1.

We conclude here, based on the express language of section 4(C), that not only must each funeral establishment have an embalming room, but the embalming room of each funeral establishment must be located on the premises. Section 4(C) sets forth the requisite "physical plant, equipment, and personnel" of a funeral establishment. An embalming room, like the facilities for funeral services or casket display, is part of the physical plant of the funeral establishment. Furthermore, section 4(C)(7) requires a funeral establishment to have "[a] physical plant located at a fixed place." TEX. REV. CIV. STAT. ANN. art. 4582b, § 4(C)(7) (Vernon Supp. 1999). This provision requires the physical plant of a funeral establishment to be located on a single, fixed site.

In sum, given that the section 4(C)(4) licensing requirement mandates that each funeral establishment have an on-site embalming room, a funeral establishment may not satisfy the section 4(C)(4) licensing requirement by designating an off-site embalming facility located at another funeral establishment (or commercial embalming establishment) as its embalming room.[2] However, as we will discuss below, *see infra* pages 8-9, a funeral establishment is not limited to using its on-site embalming room and may have embalming performed at a licensed commercial embalming establishment or the embalming facilities of another licensed funeral establishment.

## II. LICENSED EMBALMERS RETAINED AS INDEPENDENT CONTRACTORS

Several of your questions relate to whether a funeral establishment may contract for the services of an embalmer as an independent contractor rather than as an employee. *See* Request Letter, *supra*, at 2-3 (question nos. 6-9). The first of these questions is whether an embalmer may work in the embalming room of a funeral establishment as an independent contractor of the funeral establishment. *See* Request Letter, *supra*, at 2 (question no. 6).

---

[2]House Bill 3516, which has passed both Houses of the Texas Legislature and is awaiting the Governor's signature, would authorize the Commission to exempt a funeral establishment from the embalming room requirement under certain circumstances. *See* Act of May 24, 1999, 76th Leg., R.S., H.B. 3516 (to be codified at TEX. REV. CIV. STAT. ANN. art. 4582b) (amending section 4(D) of article 4582b).

We have found no provision in article 4582b or the Commission rules that generally governs the employment relationships of funeral establishments and licensed embalmers. Nor have we found a provision that expressly precludes a licensed embalmer from working as an independent contractor for a funeral establishment or a funeral establishment from retaining a licensed embalmer to embalm on its premises as an independent contractor. On the other hand, we have found several provisions in article 4582b that suggest that a funeral home may employ embalmers as independent contractors. Section 3(H)(19), for example, indicates that an embalmer may perform services for a funeral establishment as an agent or subcontractor. It authorizes the Commission to discipline a funeral director or embalmer for "[p]erforming acts of funeral directing or embalming . . . in a capacity other than that of an employee, agent, subcontractor, or assignee of a licensed funeral establishment that has contracted to perform those acts." TEX. REV. CIV. STAT. ANN. art. 4582b, § 3(H)(19) (Vernon Supp. 1999). The same is true of section 4(D)(1)(b), which authorizes the Commission to sanction a licensed funeral establishment for the "[f]ailure by any person associated with the funeral establishment, whether as an employee, agent, subcontractor, assignee, owner or otherwise, and whether licensed or unlicensed, to comply with this Act or a rule adopted under this Act." *Id.* § 4(D)(1)(b). In addition, section 4A requires that the following language be included in a written consent for embalming by a school or college of mortuary science: "The undersigned authorizes and directs the funeral home, including apprentices or mortuary students under the direct supervision of a licensed embalmer, and the funeral home's employees, *independent contractors*, and agents to care for, embalm, and prepare the body of the decedent." *Id.* § 4A(d) (emphasis added). In sum, based on our review of article 4582b as a whole, we conclude that an embalmer may work as an independent contractor for a funeral establishment. *See Citizens Bank,* 580 S.W.2d at 348 (legislative intent is determined from a general view of the whole enactment in question).

It has been suggested that a funeral establishment is precluded from retaining an embalmer as an independent contractor because this arrangement would run afoul of the article 4582b requirement that each funeral establishment designate a funeral director in charge who is "ultimately responsible for compliance with mortuary laws" and who "may be charged with a violation of this Act if a violation occurs in the funeral establishment," TEX. REV. CIV. STAT. ANN. art. 4582b, § 4(E) (Vernon Supp. 1999), and a similar Commission rule, 22 TEX. ADMIN. CODE § 203.3 (1998). *See* Brief from Jeffrey L. Schrader, Legal Counsel, Texas Funeral Service Commission, to Rick Gilpin, Deputy Chief, Opinion Committee (July 23, 1998) (on file with Opinion Committee) [hereinafter "FSC Brief"]. The "funeral director in charge" requirement does not preclude a funeral establishment from retaining an embalmer as an independent contractor. Rather, this requirement ensures that a funeral establishment that does obtain services from an independent contractor cannot avoid liability for the acts of the independent contractor on the basis that the person or entity performed the services as an independent contractor. In addition, we note that the Commission is expressly authorized to discipline a licensed funeral establishment for "[f]ailure by any person associated with the funeral establishment, *whether as an employee, agent, subcontractor, assignee, owner, or otherwise,* and whether licensed or unlicensed, to comply with this Act or a rule adopted under this Act." TEX. REV. CIV. STAT. ANN. art. 4582b, § 4(D)(1)(b) (Vernon Supp. 1999) (emphasis added).

It has also been suggested that an embalmer may not work as an independent contractor because an embalmer who is not an employee of a funeral establishment or a commercial embalming establishment must be a "commercial embalmer," who may embalm only at a commercial embalming establishment: "[A] commercial embalmer is the operator of a commercial embalming establishment and can embalm on a commercial basis only in a licensed commercial embalming establishment." FSC Brief, *supra*, at 2. We are not persuaded by this construction of article 4582b for the following reasons.

Again, article 4582b provides for the licensing and regulation of embalmers and commercial embalming establishments. Article 4582b does not provide for the licensing or regulation of "commercial embalmers." A person who engages in embalming for compensation must be licensed as an embalmer. *See* TEX. REV. CIV. STAT. ANN. art. 4582b, §1(D) (Vernon Supp. 1999). Section 3(C) establishes the licensing requirements of an embalmer. An embalmer is clearly a natural person. *See, e.g., id.* § 3(C)(1)(a) (must be 18 years of age or older); (b)-(c) (educational requirements). Article 4582b refers to commercial embalming in only two provisions. The first reference defines the terms "commercial embalmer" and "commercial embalming establishment" together in section 1(L):

> A "commercial embalmer" or "commercial embalming establishment" is *one* that embalms for licensed funeral establishments and does not sell any services or merchandise directly or at retail to the public, and *shall otherwise meet the requirements of a licensed embalmer* as provided by this Act. A commercial embalmer or a commercial embalming establishment may not employ an embalmer who is not licensed under this Act.

*Id.* § 1(L) (emphasis added). This definition is somewhat ambiguous because it uses the term "one," which could refer to either a natural person, a business entity, or place of business, and also refers to the section 3(C) embalmer licensing requirements, which apply only to a natural person. *See id.* § 3(C)(1). The second reference to commercial embalming is in section 4(C), which generally provides for the licensing of funeral establishments and also requires that "an establishment which functions solely as a commercial embalmer . . . shall have a commercial embalmers establishment license." *Id.* § 4(C). In providing that a commercial embalming establishment "shall not be required to meet the requirements of sub-sections 1 and 5 of . . . paragraph C," *i.e.,* to have facilities where funeral services may be conducted and a merchandise display, section 4(C) licenses commercial embalming establishments as places of business rather than natural persons. *Id.* § 4(C).

To construe these two provisions to mandate that a person who embalms as an independent contractor may only do so as the operator and on the premises of a commercial embalming establishment is "to make standards which are different from or inconsistent with" article 4582b. *Bloom,* 492 S.W.2d at 462. Again, no provision of article 4582b or the Commission rules provides that a licensed embalmer may not work as an independent contractor for a funeral establishment. The provisions of article 4582b referring to a "commercial embalmer" or "commercial embalming

establishment" recognize the existence of establishments that are limited in scope to embalming, require their licensure as a distinct subset of funeral establishments, excuse them from two of the requirements applicable to funeral establishments, and require them to employ licensed embalmers. These provisions also define a person who acts as a "commercial embalmer" as an embalmer licensed under section 3. But these provisions simply do not regulate the conduct of "commercial embalmers" as a group of persons distinct from licensed embalmers, *see generally* Tex. Att'y Gen. Op. No. JC-0020 (1999) at 5-7 (concluding that where legislature has expressly authorized agency to license certain occupations, it is reasonable to expect legislature to expressly authorize licensing of additional occupations and concluding that such authority may not be implied), or speak to whether a licensed embalmer may contract with a funeral establishment as an independent contractor. Moreover, to construe these two provisions to limit licensed embalmers to working either as employees of funeral establishments and commercial embalming establishments or as operators of commercial embalming establishments would be inconsistent with other provisions of article 4582b, which clearly contemplate that funeral establishments may employ the services of licensed embalmers as subcontractors. *See* discussion page 6 *supra.*

Next you ask whether "an independent contractor (embalmer), who utilizes a particular funeral home's embalming facility, [may] perform embalming services for other funeral home establishments at that licensed site." Request Letter, *supra*, at 2 (question no. 7). Article 4582b requires each funeral establishment to have an adequate embalming room and also provides for commercial embalming establishments limited in scope to embalming. *See* TEX. REV. CIV. STAT. ANN. art. 4582b, § 4(C) (Vernon Supp. 1999). Thus, it clearly contemplates that a body taken to a funeral establishment may be embalmed either on the premises of the funeral establishment or off-site at the premises of a commercial embalming establishment. Section 4A of article 4582b, which prescribes the language that must be included in a written consent for embalming at a school or college of mortuary science, states that the consent "encompasses permission to embalm at the funeral home facility or *at another facility equipped for embalming*, including a school or college of mortuary science." *Id.* § 4A(d) (emphasis added). The term "another facility equipped for embalming" is general and could embrace both commercial embalming establishments and other funeral establishments. However, no provision of article 4582b expressly addresses whether a funeral establishment may arrange for a body to be embalmed off site at another "full-service" funeral establishment.

A Commission rule requires that embalming generally "shall be performed only by embalmers licensed by the commission, in properly equipped and licensed establishments." 22 TEX. ADMIN. CODE § 203.16(a)(1) (1998). Another Commission rule requires a funeral establishment to use one of two disclosure forms when securing written authorization for embalming. *Id.* § 203.22(d). One of the two forms provides as follows:

> Authorization to Embalm/Transport. "The undersigned authorizes and directs the funeral home, including apprentices or provisional licensees, under the direct supervision of a licensed embalmer, and the funeral home's employees, independent contractors, and agents

> to care for, embalm, and prepare the body of the decedent. *The undersigned acknowledges that this authorization encompasses permission to embalm at the funeral home facility or at another facility equipped for embalming.* This includes authorization to remove any medical device from the deceased and to dispose of such items at its discretion."

*Id.* § 203.22(d)(1) (emphasis added). The other form is substantially similar, but expressly permits embalming at a school or college of mortuary science. *Id.* § 203.22(d)(2). Both forms are derived from section 4A(d) of article 4582b, which prescribes the language that must be included in a written consent for embalming at a school or college of mortuary science. In prescribing these forms, the Commission has not limited the statutory term "another facility equipped for embalming" to commercial embalming establishments. We believe that these rules taken together effectively construe article 4582b to permit a funeral establishment to transport a body to any licensed facility equipped for embalming, either a commercial embalming facility or another "full-service" funeral establishment.

The Commission is charged with adopting rules and prescribing forms necessary to administer article 4582b. *See* TEX. REV. CIV. STAT. ANN. art. 4582b § 5(A) (Vernon Supp. 1999). The foregoing rules on embalming are consistent with article 4582b. *See Arco*, 876 S.W.2d at 481 ("[A]n agency can adopt only such rules as are authorized by and consistent with its statutory authority.'") (citations omitted). Accordingly, we conclude that a funeral establishment may have a body embalmed at either a licensed commercial embalming facility or another licensed funeral establishment.[3]

Next you ask "if [article 4582b] does not explicitly require an independent contractor to obtain a commercial embalmers license to perform any of the activities above [*i.e.*, to perform embalming services as an independent contractor on the premises of a licensed funeral establishment for the funeral establishment or for other funeral establishments], must the Funeral Service Commission adopt that interpretation as a rule?" Request Letter, *supra*, at 3 (question no. 8). Generally, a state agency may enforce a statute by adopting rules of general applicability or by *ad hoc* adjudication. *See Railroad Comm'n v. Lone State Gas Co.*, 844 S.W.2d 679, 688-89 (Tex. 1992). As we have discussed, however, article 4582b does not provide for the licensing of commercial embalmers per se. Rather, it requires that embalming must be performed by a licensed embalmer. *See* TEX. REV. CIV. STAT. ANN. art. 4582b § 1(D) (Vernon Supp. 1999). In the absence of an express statutory provision requiring an embalmer to obtain a commercial embalmers license, the Commission may not discipline a licensee for failing to obtain such a license or adopt such a requirement by rule. *See generally* Tex. Att'y Gen. Op. No. JC-0020 (1999) at 5-7 (concluding that where legislature has expressly authorized agency to license certain occupations, it is reasonable to

---

[3]We note that with the adoption of House Bill 3516, some funeral establishments would not be equipped to embalm. *See infra* note 2.

expect legislature to expressly authorize licensing of additional occupations and concluding that such authority may not be implied).

You also ask if whether, "[a]bsent a formal rule clarifying which activities require a commercial embalmer's license, [ ] the Funeral Service Commission [is] precluded from taking administrative action against an entity that engages in activities referred to in the aforementioned questions." Request Letter, *supra*, at 3 (question no. 9). The Commission is authorized to discipline licensees for violations of article 4582b or Commission rules. *See* TEX. REV. CIV. STAT. ANN. art. 4582b, § 3(H) (Vernon Supp. 1999) ("Action taken by the commission under this section [providing for discipline of funeral directors and embalmers] may be based only on a violation of this Act or a rule adopted under this Act."); § 4(D) ("Action taken by the commission under this section [providing for discipline of funeral establishments] may only be based on a violation of this Act or a rule adopted under this Act."); § 6G(a) (authorizing Commission to assess administrative penalty if it determines that person or establishment "has violated this Act or a rule adopted under this Act"); § 6H(a) (authorizing Commission to issue a reprimand if it determines that person or establishment "has violated this Act or a rule adopted under this Act"). Again, as a general matter, the Commission is not precluded from bringing an action against a licensee for conduct that it believes violates article 4582b that it has not prohibited by rule. *See Lone State Gas Co.*, 844 S.W.2d at 688-89. The Commission lacks authority to discipline a licensed embalmer for performing embalming without a special "commercial embalmer's license," however, given that no such licensing requirement exists in the statute. *See generally* Tex. Att'y Gen. Op. No. JC-0020 (1999) at 5-7 (concluding that where legislature has expressly authorized agency to license certain occupations, it is reasonable to expect legislature to expressly authorize licensing of additional occupations and concluding that such authority may not be implied). We express no opinion whether any particular conduct otherwise violates article 4582b or a Commission rule.

## III. CONSUMER DISCLOSURE

Next, we turn to your questions regarding disclosure to consumers. Your first question concerns disclosure regarding the location of embalming:

> When a consumer has contracted with a funeral establishment for funeral services, is the funeral establishment required to disclose to the consumer that embalming will not be performed at the same facility? If so, is disclosure that the embalming *might be* performed at another location and authorization for this procedure adequate?

Request Letter, *supra*, at 1 (question no. 1) (emphasis in the original). We understand the concern is whether the Commission is authorized to require a funeral establishment to disclose that a body may be embalmed at another facility when permission to embalm is given orally rather than in writing. *See* FSC Brief, *supra*, at 12. As we discuss below, neither article 4582b nor the Commission rules require a funeral establishment to make disclosures about the location of embalming when permission to embalm is given orally.

Section 3(H)(11) of article 4582b provides that the Commission may discipline a funeral director or embalmer for "embalming a body without the express written or oral permission of a person authorized to make funeral arrangements for the deceased or without making a documented reasonable effort over a period of at least three (3) hours to obtain the permission." TEX. REV. CIV. STAT. ANN. art. 4582b, § 3(H)(11) (Vernon Supp. 1999). Thus, article 4582b generally permits either written or oral permission to embalm. We note, however, that section 4A requires written consent in order to use a dead human body for educational or instructional purposes. *See id.* § 4A. A funeral director or embalmer may not release a body to a school or college of mortuary science without actual possession of such written consent. *See id.* § 4A(b).

Commission rules also address permission to embalm. The rules provide that it is an unfair or deceptive practice to embalm unless state or local law requires embalming; prior approval has been obtained from a family member or other authorized person; or, if the funeral provider is unable to contact a family member, the funeral provider has no reason to believe the family does not want embalming performed and obtains subsequent approval. 22 TEX. ADMIN. CODE §§ 203.10(a)(1), (2), (3) (1998). In obtaining subsequent approval, the funeral provider must disclose that "no fee will be charged if the family selects a service which does not require embalming, such as direct cremation or immediate burial." *Id.* § 203.10(a)(3). This rule is similar to a Federal Trade Commission regulation. *See* 16 C.F.R. § 453.5 (1999).

A funeral establishment must maintain written documentation of an oral permission to embalm for two years. 22 TEX. ADMIN. CODE § 203.22(a) (1998). When neither oral nor written permission to embalm can be obtained, the funeral establishment is required to maintain for two years "written documentation of the efforts taken over a period of at least three hours to obtain permission to embalm." *Id.* § 203.22(b). And, as discussed above, when written authorization for embalming is obtained, a funeral establishment is required to use one of two disclosure forms: "Authorization to Embalm/Transport" or "Authorization to Embalm/Transport With Mortuary Students." *Id.* § 203.22(d). These forms encompass "permission to embalm at the funeral home facility or at another facility equipped for embalming." *Id.* § 203.22(d)(1), (2).

Neither article 4582b nor the Commission rules require a funeral establishment to provide any other more specific disclosures regarding the embalming location than those described above. When permission to embalm is written, one of the two prescribed forms, which make disclosures regarding the embalming location, must be used. When permission to embalm is oral, however, neither article 4582b nor the Commission rules require a funeral home to make any disclosure regarding the embalming location. Again, the Commission is authorized to discipline licensees for violations of article 4582b or Commission rules. *See* discussion *supra* page 10.

With respect to permission to embalm, you also ask, "When an independent contractor performs an embalming service, is the contractor required to obtain written permission to embalm from the consumer?" Request Letter, *supra*, at 2 (question no. 3). Under article 4582b and the Commission rules, the funeral-services consumer has a contractual relationship with a funeral establishment, which is represented by a funeral director. *See* 22 TEX. ADMIN. CODE § 203.18(d)

(1998) ("Only a licensed funeral director . . . shall present funeral services and merchandise to a customer . . . and only a licensed funeral director shall sign all contractual agreements for funeral services or merchandise."). The funeral establishment is required to obtain written or oral permission to embalm and, if written authorization is obtained, to disclose that embalming may be performed at another location. *See id.* § 203.22. Neither the statute nor the rules require additional permission to embalm. Accordingly, we conclude that permission to embalm given to the funeral establishment is sufficient and the embalmer may rely on the permission obtained by the funeral establishment. We caution, however, that an embalmer who embalms a body as an independent contractor will not necessarily avoid discipline under section 3(H)(11) of article 4582b if the funeral establishment failed "without making a documented reasonable effort" to obtain written or oral permission to embalm. TEX. REV. CIV. STAT. ANN. § 3(H)(11) (Vernon Supp. 1999).

Now we turn to your question regarding price disclosures: "When an independent contractor performs embalming services for a funeral establishment, is any person (the independent contractor or the funeral establishment) required to disclose to the consumer the price charged by the independent contractor to the funeral establishment for embalming services? (See also FTC regulations at 16 C.F.R. 453 (1999) et seq.)." Request Letter, *supra*, at 2 (question no. 2). This question requires the review of a number of statutory and regulatory provisions.

Section 1(S) of article 4582b defines the terms "retail price list" or "general price list" as

> a printed or typewritten list of the retail price of items or services provided by the funeral establishment, including: (1) transferring the deceased individual to the funeral home; (2) embalming; (3) use of funeral establishment facilities for viewing the deceased; (4) use of funeral establishment facilities for funeral services; (5) use of hearses; (6) use of limousines; (7) caskets; (8) outer enclosures; and (9) other itemized services provided by funeral establishment staff.

TEX. REV. CIV. STAT. ANN. art. 4582b § 1(S) (Vernon Supp. 1999). A licensee may be disciplined for failing to provide a retail price list to an individual inquiring in person about any funeral service or merchandise. *Id.* § 3(H)(22)(B).

A Commission rule, 22 TEX. ADMIN. CODE § 203.7, provides that it is an unfair or deceptive act or practice for a funeral provider to fail to furnish accurate price information "disclosing the cost to the purchaser for each of the specific funeral goods and funeral services used in connection with the disposition of deceased human bodies, including at least the price of embalming" and certain other listed items. 22 TEX. ADMIN. CODE § 203.7(a) (1998). The rule lists "preventive requirements" a funeral provider must adhere to prevent these unfair or deceptive acts or practices. *Id.* § 203.7(b). The rule defines the term "funeral provider" as "[a]ny person, partnership or corporation that sells or offers to sell funeral good and funeral services to the public." *Id.* § 203.1. This rule appears to be modeled on a Federal Trade Commission rule, 16 C.F.R. § 453.2 (1999), governing price disclosures in the funeral industry.

In addition, section 1(T) defines the terms "written memorandum" or "funeral purchase agreement" to mean:

> a written statement that itemizes the cost of funeral services or merchandise selected by a customer from the retail price list. The memorandum must also state the amount paid or owed to another person by the funeral establishment on behalf of the customer and each fee charged the customer for the cost of advancing funds or becoming indebted to another person on behalf of the customer.

TEX. REV. CIV. STAT. ANN. art. 4582b § 1(T) (Vernon Supp. 1999). The Commission may discipline a licensee for failure to provide a written memorandum under the following provision:

> Failure by any person arranging for funeral services or merchandise to provide each customer at the conclusion of the arrangement process a written memorandum or funeral purchase agreement signed by the funeral director making the arrangements itemizing the cost of funeral services and funeral merchandise selected by the customer.

*Id.* § 3(H)(23). Itemization of costs for a customer who has selected a package arrangement based on "unit pricing" is satisfied by "a written memorandum that itemizes the discount provided by the package arrangement." *See id.* However, "[t]he use of unit pricing does not affect the presentation of the retail price list." *Id.*

Both article 4582b and the Commission rules require a funeral establishment (or, in the case of the rule, "a funeral provider") to provide the customer with a price list. It is clear from section 1(S) of article 4582b that this is a list of retail prices, *i.e.*, prices charged to the customer for items or services provided by the funeral establishment. *See id.* § 1(S) (describing list as "list of the retail price of items or services provided by the funeral establishment"). The Commission rule regarding price disclosures likewise refers to retail prices, *see* 22 TEX. ADMIN. CODE § 203.7(b)(2)(A), (3)(A), (4)(B) (1998), as does the federal rule, *see* 16 C.F.R. § 453.2(b)(2)(i), (3)(i), (4)(ii) (1999). These provisions do not require an embalmer who has no contractual relationship with the customer to make price disclosures to the customer nor do they require the funeral establishment to disclose the price charged to the funeral establishment for embalming by the embalmer.

We note that article 4582b requires a funeral establishment to provide a customer with a written statement that itemizes the costs of funeral services or merchandise selected by a customer from the retail price list. *See* TEX. REV. CIV. STAT. ANN. art. 4582b § 1(T) (Vernon Supp. 1999). The memorandum must also "state the amount paid or owed to another person by the funeral establishment on behalf of the customer and each fee charged the customer for the cost of advancing

funds or becoming indebted to another person on behalf of the customer." *See id.* Commission rules define the term "cash advance item" as follows:

> Any item of service or merchandise described to a purchaser as a "cash advance," "accommodation," "cash disbursement," or similar term. A cash advance item is also any item obtained from a third party and paid for by the funeral provider on the purchaser's behalf. Cash advance items may include, but are not limited to: cemetery or crematory services; pallbearers; public transportation; clergy honoraria; flowers; musicians or singers; nurses; obituary notices; gratuities and death certificates.

22 TEX. ADMIN. CODE § 203.1 (1998). If a funeral establishment charges the customer for embalming as an "amount paid or owed to another person by the funeral establishment on behalf of the customer" or as a cash advance item, the cost of the embalming to the funeral establishment would have to be disclosed in the written memorandum.

Finally, with respect to consumer disclosure you ask if "compliance with the disclosure requirements of 2[2] TAC, Sections 203.7 and 203.8 satisf[ies] consumer disclosure requirements pertaining to embalming? If so, does compliance with the specific requirements of those sections constitute an affirmative defense to administrative prosecution for alleged disclosure violations?" Request Letter, *supra*, at 2 (question no. 4.)

As discussed above, section 203.7 of the Commission rules provides that it is an unfair or deceptive practice to fail to furnish accurate price information, including price information about embalming, *see* 22 TEX. ADMIN. CODE § 203.7(a) (1998), and sets forth certain preventive practices to which funeral providers must adhere, *see id.* § 203.7(b). Section 203.7 includes provision of the retail price of embalming on a general price list as a "preventive requirement." *Id.* § 203.7(b)(4)(B)(vi); *see also id.* § 203.7(b)(4)(A)(ii) (special rules regarding availability of price list in certain circumstances involving in-person request for authorization to embalm). Section 203.8 is similar to 203.7, but pertains to misrepresentations. It provides that it is a deceptive act or practice to falsely represent that state or local law requires embalming or to fail to disclose that embalming is not required by law. *Id.* § 203.8(a)(1). This rule requires a funeral provider to not represent that embalming is required for direct cremation, immediate burial, or a closed casket funeral in certain circumstances, *id.* § 203.8(a)(2)(A), and to place a disclosure on the general price list regarding the need for embalming, *id.* § 203.8(a)(2)(B). (Like section 203.7, this rule appears to be modeled on a federal regulation, 16 C.F.R. § 453.3 (1999).)

In addition, as discussed above, section 203.10 of the Commission rules includes certain required disclosures regarding payment for embalming if permission was not obtained prior to embalming. Furthermore, section 203.22 requires the use of certain forms if permission to embalm is given in writing. And finally, as we have noted, the Federal Trade Commission regulations, many of which have been incorporated into the Commission rules, also contain consumer disclosure

requirements specific to embalming. *See* 16 C.F.R. §§ 453.2(b)(4)(ii)(F), 453.3(a), 453.5 (1999). Accordingly, compliance with only sections 203.7 and 203.8 of the Commission rules does not satisfy all consumer disclosure requirements for embalming.

In sum, consumer disclosure requirements pertaining to embalming are contained in sections 203.10 and 203.22 of the Commission rules and the federal regulations as well as sections 203.7 and 203.8 of the Commission rules. Although compliance with the requirements of these rules regarding embalming is certainly a defense to administrative proceedings for their violation, we cannot resolve in an attorney general opinion whether any particular conduct in fact violates article 4582b, a Commission rule, or federal regulation.[4]

## IV. COMMISSION INVESTIGATORS

Your remaining questions involve the authority of the Commission to employ investigators. You ask the following:

> Is the Texas Funeral Service Commission prohibited from hiring as an investigator a person who does not meet the requirements set out in section 6D(f) [of article 4582b]?

> Can a person hired by the Funeral Service Commission as an inspector perform the duties of an investigator, if he or she lacks the requisite qualifications?

Request Letter, *supra*, at 3 (question nos. 10, 11).

Section 2(H) of article 4582b generally authorizes the Commission to "employ such inspectors, clerical and technical assistants, legal counsel other than the attorney general, and an Executive Director, as may be determined by it to be necessary to carry out the provisions of this Act, and the terms, conditions and expenses of such employment shall be determined by the commission." TEX. REV. CIV. STAT. ANN. art. 4582b, § 2(H) (Vernon Supp. 1999). The Commission may delegate to the executive director the power to issue subpoenas. *See id.* § 2(L). In addition, section 6D(f) provides as follows:

> The commission shall employ or contract for the services of one or more persons to investigate complaints of consumer interest and other complaints received by the commission. A person who is subject to regulation under this Act may not serve as an investigator. To serve

---

[4]*See* Tex. Att'y Gen. Op. Nos. JC-0007 (1999) at 5 ("[t]his office does not make fact findings"); DM-383 (1996) at 2 (questions of fact are inappropriate for opinion process); DM-98 (1992) at 3 (questions of fact cannot be resolved in opinion process); H-56 (1973) at 3 (improper for Attorney General to pass judgment on matter that would be question for jury determination); M-187 (1968) at 3 (Attorney General cannot make factual findings).

in this position in a contractual capacity, a person must be licensed as a private investigator under state law. To serve in this position as an employee of the commission, a person must:

(1) hold a current license as a private investigator in this state;

(2) have been previously licensed under state or federal law as a private investigator; or

(3) have been previously employed by a local, state, or federal law enforcement agency as an investigator.

*Id.* § 6D(f).

Although section 2(H) grants the Commission general authority to employ staff, section 6D(f) requires the Commission to employ or contract for the services of investigators to investigate complaints and expressly provides for their qualifications. If the Commission contracts for the services of an outside investigator, the investigator must be licensed as a private investigator under state law. *Id.* § 6D(f). If the Commission employs in-house an investigator, the investigator must meet one of the three qualifications listed in subsections (1) through (3). A person employed by the Commission as an inspector may serve as an investigator only if he or she meets one of these three qualifications. *See id.* § 6D(f)(1)-(3).

In its brief, the Commission suggests it is unable to comply with section 6D(f). It contends that it is unable to employ an investigator who meets the qualifications of subsections (1) or (2) because "Texas law does not authorize the issuance of a license to an individual private investigator." FSC Brief, *supra*, at 12. Although the Private Investigators and Private Securities Agencies Act, TEX. REV. CIV. STAT. ANN. art. 4413(29bb) (Vernon 1976 & Supp. 1999), does not generally require state employees to obtain a license, *see id.* § 3(a)(2) (Vernon Supp. 1999) (Act does not apply to employee of this state or its political subdivisions, with certain limited exceptions); *Bates v. State*, 587 S.W.2d 121, 131 (Tex. Crim. App. 1979) (en banc) (Act "is concerned with the licensing of private investigators and is patently inapplicable to [person] taking part in a criminal investigation as an agent of the State"), neither does the Act appear to preclude an individual from obtaining a license, *see* TEX. REV. CIV. STAT. ANN. art. 4413(29bb), §§ 13 (Vernon Supp. 1999) (requiring "investigations company" to be licensed); 2(3) (defining "investigations company" to include "any person"). Furthermore, if the Commission is unable to find applicants that meet the qualifications of subsections (1) and (2), subsection (3) permits it to employ as an investigator a person who has been previously employed as an investigator by a local, state, or federal law enforcement agency. And, if the Commission is unable to employ qualified investigators, it may contract with outside investigators.[5]

---

[5]House Bill 3516, which has passed both Houses of the Texas Legislature and is awaiting the Governor's
(continued...)

## S U M M A R Y

Because article 4582b requires each funeral establishment to have an on-site embalming room, *see* TEX. REV. CIV. STAT. ANN. art. 4582b, § 4(C) (Vernon Supp. 1999), a funeral establishment may not designate an off-site embalming facility to satisfy this statutory requirement. However, a licensed embalmer may work as an independent contractor for a funeral establishment on the premises of the funeral establishment or in the embalming room of another licensed funeral establishment.

Neither article 4582b nor the Texas Funeral Service Commission rules, *see* 22 TEX. ADMIN. CODE ch. 203 (1998), require a funeral establishment to make disclosures about the location of embalming when permission to embalm is given orally. Although permission to embalm given to the funeral establishment is sufficient and the embalmer may rely on the permission obtained by the funeral establishment, an embalmer who embalms a body as an independent contractor will not necessarily escape discipline under section 3(H)(11) of article 4582b if the funeral establishment failed to obtain written or oral permission, or failed to make a reasonable effort to obtain permission, to embalm.

Both article 4582b and the Commission rules require a funeral establishment to provide a customer with a retail price list for items or services provided by the funeral establishment. These provisions do not require an embalmer who has no contractual relationship with the customer to make price disclosures to the customer nor do they generally require the funeral establishment to disclose the price charged to the funeral establishment for embalming by the embalmer.

If the Commission employs in-house an investigator, the investigator must meet one of the three qualifications listed in section

---

[5](...continued)
signature, would amend section 6D(f) to delete any investigator qualifications. *See* Act of May 24, 1999, 76th Leg., R.S., H.B. 3516 (to be codified at TEX. REV. CIV. STAT. ANN. art. 4582b) (amending section 6D(f) of article 4582b).

6D(f)(1)-(3) of article 4582b. A person employed by the Commission as an inspector may serve as an investigator if he or she meets only one of these three qualifications.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General